# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

GEORGE MOBLEY,

    Plaintiff,

v.

SANTANDER CONSUMER USA, INC.,

    Defendant.

CIVIL ACTION NO.: 4:20-cv-289

## O R D E R

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's April 13, 2021, Report and Recommendation, (doc. 5), to which Plaintiff has filed objections, (doc. 6; doc. 8). For the following reasons, the Court **ADOPTS** the Report and Recommendation as its opinion.

The Federal Rules of Civil Procedure and the local rules of this Court require that all filings be signed by either the attorney or record or the filing party, if appearing *pro se*. Fed. R. Civ. P. 11(a); S.D. Ga. L. Civ. R. 11.1. In November 2020, the Clerk of Court issued a deficiency notice advising Plaintiff that his Complaint was not signed and directing Plaintiff to sign and return a signature page within 14 days. (Doc. 4.) The notice was mailed to Plaintiff at the address on file with the Court—Post Office Box 21, Sylvania, GA 30467.[1] (See, docket entry of November 17, 2020). On April 13, 2021, after Plaintiff failed to cure the defect in his pleadings, the Magistrate Judge recommended dismissal of the case. (Doc. 5.) Plaintiff filed two identical, untimely objections to the Report and Recommendation, each indicating that Plaintiff had not received any

---

[1] This address matches that marked on plaintiff's later objections to the Magistrate Judge's Report and Recommendation. (See, doc. 6 at 2; doc. 8 at 2).

notice from the Court prior to May 2021 and requesting a refund of the filing fee as the Court "failed to properly move on [his] motion and send documentation in a timely manner."[2] (Doc. 6; doc 8.) The Clerk of Court issued deficiency notices for the objections, advising Plaintiff that he against failed to include signatures. (Doc. 7; doc. 9.) Plaintiff was directed to cure the deficiency by "sign[ing] the bottom of the pleadings and return[ing it] to the [Court]." (Doc. 7 at 1; doc. 9 at 1.) Instead, Plaintiff returned the deficiency notice with his signature affixed. (Doc. 10.)

Despite objecting to the Report and Recommendation, Plaintiff has failed to address the deficiency in his Complaint, its lack of a signature. He has also failed to adequately resolve the deficiencies in his objections. By rule, the Court is required to strike any unsigned filing that is not "promptly corrected." Fed. R. Civ. P. 11(a). Therefore, the Court **STRIKES** Plaintiff's objections to the Magistrate Judge's Report and Recommendation. (Doc. 6; doc. 8.)

Even if the Court were to consider the objections, they do not resolve the problem with the pleadings. Plaintiff alleges that he did not receive notice of the deficiency before May 2021. The Court, however, notes that the deficiency notice was sent to the same address marked as a return address on each of plaintiff's filings. (Compare docket entry of November 17, 2020 with doc. 6 at 2 and doc. 8 at 2.) The Court has received no indication that the notice was not delivered. Furthermore, the notice was available on the public docket, which Plaintiff has an obligation to monitor. See, Yeschick v. Mineta, 675 F.3d 622, 629–30 (6th Cir. 2012) ("[P]arties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal"). Finally, plaintiff was advised of the missing signature through the Magistrate Judge's Report and Recommendation and took no steps thereafter to cure the defect. As Plaintiff has

---

[2] Plaintiff has filed no motion in this case on which the Court might rule. Even if a motion was filed, plaintiff has not provided proof that defendants have been served in accordance with the Federal Rules. Fed. R. Civ. P. 4(m).

failed to sign his pleadings, despite being afforded ample opportunity to do so, dismissal is warranted.

Accordingly, Plaintiff's objections are **OVERRULED** and the Report and Recommendation, (doc. 5), is **ADOPTED** as the opinion of the Court. For the reasons discussed in this Order and by the Magistrate Judge, the Complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[3]

**SO ORDERED**, this 29th day of June, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court acknowledges that Plaintiff's objections to the Report and Recommendation request a "full reimbursement of $450." (Doc. 6; doc. 8.) The Court presumes this refers to the $400 filing fee that was remitted in this case. (Doc. 2.) This is a motions-driven court and relief cannot be requested through informal mechanisms, such as an objection. See In re Unsolicited Letters to Federal Judges, 120 F.Supp.2d 1073, 1074 (S.D. Ga. 2000) ("Put another way, if a litigant seeks judicial action of any sort . . ., it must be contained within a motion arising from a properly filed lawsuit."); see also Fed. R. Civ. Pro. 7(b)(1) ("A request for a court order must be made by motion."). Even if the request was properly presented to the Court, the filing fee is not refunded to plaintiff when a case is dismissed. See, Garner v. FBI, 2006 WL 2917381, at *1 (N.D. Ga. Oct. 10, 2006) (denying request for a refund of a filing fee when plaintiff failed to properly file their case); see also, Morris v. Bush, 2008 WL 5231843, at * 2 (N.D. Fla. Dec. 9, 2008) ("[W]hen a complaint is dismissed, the filing fee is not refunded to the Plaintiff.").